Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

**MATTHEW CORSON-FINNERTY**,

      Plaintiff,

vs.

**GC SERVICES, LP**,

      Defendant.

Case No.: 6:12-cv-1661

**COMPLAINT;**

FAIR DEBT COLLECTION PRACTICES
ACT (15 USC § 1692a, *et seq.*);

DEMAND FOR JURY TRIAL

## I.  INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II.  JURISDICTION

2.    Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III.  PARTIES

3.    Plaintiff, Matthew Corson-Finnerty ("Plaintiff"), is a natural person residing in Lane County, Oregon.

4.    Defendant, GC Services, LP, ("Defendant") is a corporation engaged in the

business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.    All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.    Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.    Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including falsely representing to Plaintiff the rules pertaining to "rehabilitation agreements." Plaintiff was told that he could be garnished unless he agreed to a payment plan. Defendant told Plaintiff that such payment plan included a minimum monthly payment. Defendant is prohibited by federal regulations from garnishing Plaintiff unless and until Defendant offers Plaintiff a rehabilitation agreement, and Defendant is prohibited from demanding a minimum monthly payment. Rather, regulations provide that the monthly payments for such agreement must be "affordable to Plaintiff." Plaintiff told Defendant that the minimum payment demanded by Defendant was unaffordable but Defendant continued to demand

it (§ 1692e(10)).

10.    Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel.  Plaintiff told Defendant in a phone call that he was represented by Plaintiff's counsel in this matter and instructed Defendant to call Plaintiff's counsel.  Thereafter, Defendant called Plaintiff directly (§ 1692c(a)(2)).

11.    As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12.    Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13.    Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

14.    To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15.     Plaintiff reincorporates by reference all of the preceding paragraphs.

16.     The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e & 1692c.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages pursuant to 15 USC 1692k;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k;

D.     Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.     For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 13th day of September, 2012.

By:__s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff